UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KHEIRA ZAHAF, as Legal Guardian of
AHMED FERHANI,

                        Plaintiff,

                                                 22-CV-00291-LJV

    -vs-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                        Defendants.
_____

## MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS

                                                LETITIA JAMES
                                               Attorney General of the State of New York
                                               David J. Sleight
                                               Assistant Attorneys General of Counsel
                                               Main Place Tower, Suite 300A
                                               350 Main Street
                                               Buffalo, NY 14202
                                               Tel: (716) 852-6274
                                               David.Sleight@ag.ny.gov

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in further support of Defendants motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(6) (Dkt. 32).

## ARGUMENT

I. **DEFENDANTS CONCEDE THAT, AT THE PLEADING STAGE, PLAINTIFF HAS ALLEGED FACTS SUFFICIENT TO WITHSTAND DISMISSAL BASED ON DEFANDANTS' STATUTE OF LIMITATIONS DEFENSE.**

Plaintiff argues in opposition to the motion that Zahaf qualifies for the tolling provisions of N.Y. C.P.L.R. §208 which provides a toll of the statute of limitations for plaintiffs "under a disability because of infancy or insanity at the time the cause of action accrues. ..." Plaintiff is correct that under C.P.L.R. § 208, the statute of limitations may be tolled if the plaintiff was insane at the time the cause of action commenced or if plaintiff's insanity was caused by the event upon which the suit is predicated. *Wenzel v. The Nassau Cnty. Police Dep't.*, 1995 Westlaw 83056, at *4 (E.D.N.Y. Aug. 5, 1995). However, a plaintiff must also show that he or she was continuously insane throughout the entire statute of limitations period in question. *McEachin v. City of New York*, 2007 Westlaw 952065, at *4 (E.D.N.Y March 29, 2007) (citation omitted). "If a plaintiff has a lucid interval of significant duration, preceded and followed by a period of insanity, the toll is lost and is not resurrected when a plaintiff relapses into insanity." *Id.*

"The New York Court of Appeals has defined 'insanity' under section 208 to include 'only those individuals who are unable to protect their legal rights because of an over-all inability to function in society.'" *Wenzel*, 1995 Westlaw 83056, at *4 (quoting *McCarthy v. Volkswagen of Am.*, 55 N.Y.2d 543, 548 (1982)). "The plaintiff 'must have been unable to recognize a legal wrong and to engage an attorney to remedy the wrong.'" *Id.* (citations omitted).

"Apathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom, or mental illness alone have been held insufficient to invoke the tolling provisions of § 208." *McEachin,* 2007 U.S. Dist. LEXIS 23098, at *14. Rather, "the mental disability must be 'severe and incapacitating.'" *Id.* (citations omitted). The burden is upon the plaintiff to prove that he or she was insane within the meaning of CPLR § 208. *Wenzel,* 1995 Westlaw 83056, at *4.

In the instant case, Plaintiff alleges that the injury Ferhani suffered as a result of his attempted suicide rendered him, and continues to render him, "unable to protect his legal rights or to function in society." Dkt. 1, ¶¶ 238, 248. Accordingly, Defendants concede that, for the purposes of this motion, Plaintiff has plead facts sufficient to withstand dismissal on a 12(b)(6) motion because of the tolling provisions of CPLR § 208. Defendants are not, however, waiving their statute of limitations defense and reserve their right to re-assert it at a later date after further development of the factual record in this case. Moreover, Defendants do not concede their statute of limitations defense as it relates to equitable tolling and stand on the arguments put forth in their original moving papers.

## II. THE FACTS ALLEGED IN PLAINTIFF'S COMPLAINT REGARDING PERSONAL INVOLVEMENT DO NOT ALLOW THE COURT TO INFER MORE THAN THE MERE POSSIBILITY OF MISCONDUCT.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S.544, 556-57 (2007). Accordingly, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not ***shown***-that the pleader is entitled to relief." *Iqbal,* 129

S.Ct. at 1950 (internal citation and punctuation omitted) (emphasis added). In the instant case, and with respect to all of her causes of action, Plaintiff has failed to plead facts that show the Court that she is entitled to relief.

### A. Eighth Amendment-Deliberate Indifference to Substantial Risk of Serious Harm

Plaintiff's opposition argues in a lengthy footnote that the Court should analyze Plaintiff's Eighth Amendment claim as a medical indifference claim as opposed to a failure to protect claim, as Defendants asserted it was in their moving papers. Defendants submit that this is a distinction without difference because the standard is essentially the same under both, namely, a plaintiff must show deliberate indifference to a substantial and imminent risk of serious harm. To be sure, federal courts, including in the Second Circuit and this Court, have at times analyzed inmate cases involving the risk of suicide as both denial of medical care and failure to protect claims. *See Gaston v. Ploeger*, 229 Fed.Appx. 702, \*\*7 (10th Cir. 2007) (denial of medical care); *Diaz v. Smith*, 2022 WL 177523558, \*4 (N.D.N.Y. December 19, 2022) (denial of medical care); *James v. Monroe County*, 2022 WL 17155831, \*12 (W.D.N.Y. November 22, 2022) (failure to protect); *Engles v. Jones*, 2018 WL6832085 (W.D.N.Y. December 28, 2018) (denial of medical care); *Bell v. Gillani*, 2013 WL 5304188, \* 10 (N.D.N.Y. September 19, 2013) (denial of medical care); *Phelan v. Quinn*, 2012 WL 5269262 (N.D.N.Y. September 20, 2012) (failure to protect). Defendants submit that, in cases involving non-medical and non-mental health prison officials, it makes more sense to treat those cases as failure to protect claims but, again, the analysis applied to both types of claims is essentially the same. In the case of failure to protect, the analysis is

> Eighth Amendment obligations include the duty to protect prisoners from other known harms. The test for a § 1983 claim is two-pronged. First, the prisoner must establish that the deprivation alleged was objectively, sufficiently serious. Second,

3

> the prisoner must show that the prison official demonstrated deliberate indifference, a subjective standard, by having knowledge of the risk of harm and failing to take measures to avoid the harm. For a failure to protect claim, the deprivation is sufficiently serious if the inmate is incarcerated under conditions imposing a substantial risk of serious harm. Further, a prison official acts with deliberate indifference when he is aware of the facts from which an inference could be drawn that a substantial risk of serious harm exists and in fact draws that inference, yet disregards the substantial risk to the prisoner's health and safety.

*Phelan,* 2012 WL 5269262, at *3 (citations and quotation marks omitted).

In the case of the denial of medical care, the analysis is articulated as

> In order to establish an Eighth Amendment claim arising out of inadequate medical care, a prisoner must prove deliberate indifference to [his] serious medical needs. The standard of deliberate indifference includes both subjective and objective components. First, the alleged deprivation must be, in objective terms, sufficiently serious. Second, the defendant 'must act with a sufficiently culpable state of mind. An official acts with requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Diaz,* 2022 WL 177523558, at *4 (citations and quotation marks omitted).

In the instant case, Plaintiff has not plead facts plausibly establishing her right to relief on either a failure to protect or denial of medical care Eighth Amendment claim.

As to the objective prong, the seriousness inquiry comes down to the severity of the alleged denial of care (in the case of denial of medical care) or the severity of the risk of harm (in the case of failure to protect). Courts are split on whether the risk of suicide is, in and of itself, serious enough to satisfy the objective prong; however, Defendants submit that Ferhani's risk of suicide as presented by the facts plead was not serious enough to satisfy the objective prong of the Eighth Amendment analysis.

As to the subjective component, there is an abject paucity of facts plead regarding the Defendants' actual knowledge of Plaintiff's risk of suicide and any reaction to it, and that dooms Plaintiff's Eighth Amendment claim. In the case of Defendants Annucci, Eckert, Schiffer and

4

Latona, the only fact alleged from which the Court could plausibly infer that these Defendants knew that Furhani was at a substantial and imminent risk of suicide and that they consciously chose to ignore that risk is a letter that Furhani allegedly sent to the Attorney General of the United States, some three weeks before his attempted suicide, in which he claimed he was being mistreated by corrections officers and that it was causing him emotional distress which had recently caused him to be suicidal, that he was not currently suicidal, but if the mistreatment occurred again he may become suicidal again. The letter was supposedly copied to Defendants Annucci and Artus, but as to Defendants Eckert, Schiffer and Latona, Plaintiff alleges only, on information and belief, that somehow they received a copy of the letter or were made aware of it. These facts are not enough, as a matter of law, to plausibly allege the deliberate indifference of these Defendants. "An official acts with requisite deliberate indifference when that official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Plaintiff also alleges that Furhani wrote a letter to Defendant Artus that was received in his office the day the day that Furhani attempted suicide wherein Furhani stated that he had "'reached both [his] emotional and psychological limit'" and intended to take his own life." Dkt. 1, ¶224. Again, this allegation is not enough to plausibly allege deliberate indifference given the timing of Artus' alleged receipt of the letter.

## CONCLUSION

For all of the foregoing reasons, and those set forth in their original moving papers, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety.

5

DATED:  Buffalo, New York
        December 22, 2022

                                            LETITIA JAMES
Attorney General of the
State of New York
Attorney for Defendants

BY: /s/ *David J. Sleight*
David J. Sleight
Assistant Attorney General of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 852-6274
David.Sleight@ag.ny.gov

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KHEIRA ZAHAF, as Legal Guardian of
AHMED FERHANI,

                              Plaintiff,

        -vs-

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

                              Defendants.

22-CV-00291-LJV

---

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 22, 2022, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

Marc A. Cannan, Esq.
BELDOCK LEVINE & HOFMANN LLP
PH/ 26th Floor
New York, NY 10016
212 490-0400
mcannan@blhny.com

      And I hereby certify that I have mailed the foregoing, by the United States Postal Service, to the following non-CM/ECF participants:

**NONE**

DATED:    Buffalo, New York
               December 22, 2022

*/s/ David J. Sleight*
David J. Sleight
Assistant Attorney General, of Counsel
Main Place Tower, Suite 300A
350 Main Street
Buffalo, NY 14202
(716) 852-6274
David.Sleight@ag.ny.gov